IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:10-CV-324-F

| | |
|---|---|
| DONALD STANTON SHEALEY, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM & RECOMMENDATION** |

This matter has been referred to the undersigned to conduct a frivolity review. The Court may dismiss actions that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from an entity that is immune from such relief. 28 U.S.C. § 1915A. *See also*, 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

1

In the instant action, Petitioner seeks to seek aside a forfeiture pursuant to 18 U.S.C. § 983(e)(1). Petitioner was charged in a heroin, cocaine and crack cocaine conspiracy by Indictment on September 24, 2008. <u>United States of America v. Donald Stanton Shealey</u>, 5:08-CV-282-2-F, DE-3. A Superseding Indictment added other drug, gun and racketeering counts. <u>United States of America v. Donald Stanton Shealey</u>, 5:08-CV-282-2-F, DE-175. Petitioner was ultimately found guilty of each of the eight counts in which he was charged. <u>United States of America v. Donald Stanton Shealey</u>, 5:08-CV-282-2-F, DE-286. Petitioner now seeks the return of two items of personal property seized during the course of the criminal investigation that led to his arrest and conviction — $32,960 in United States currency and a 1972 Chevrolet Chevelle (VIN ID37F2R518417)— asserting that he never received notice of the institution of any action to forfeit the property (DE-1-1, Ex. A).

Title 18 U.S.C. § 983(e)(1) states:

**(e) Motion to set aside forfeiture.--**

**(1)** Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--

**(A)** the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

**(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
18 U.S.C. § 983(e)(1).

Notably, Petitioner previously filed a Motion for Return of Property Post Trial in his criminal case. United States of America v. Donald Stanton Shealey, 5:08-CV-282-2-F, DE-400. That motion was denied because, *inter alia*, "the Government . . . supplied the court . . . with a detailed description of the notice it provided, including serving [Petitioner] at the place of his incarceration". United States of America v. Donald Stanton Shealey, 5:08-CV-282-2-F, DE-410. The undersigned has reviewed the description of these efforts and takes judicial notice of them. United States of America v. Donald Stanton Shealey, 5:08-CV-282-2-F, DE's 409-1; 409-2. Based on this review, the undersigned concludes the Petitioner cannot establish that "the Government . . . failed to take reasonable steps to provide [Petitioner] with [proper] notice." 18 U.S.C. § 983(e)(1)(A). Therefore, Petitioner's claim lacks an arguable basis in both law and fact. Neitzke , 490 U.S. at 325.

For these reasons, it is HEREBY RECOMMENDED that Petitioner's Motion to Set Aside Forfeiture (DE-1) be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 02, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE