UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-324-F

| | | |
|---|---|---|
| DONALD STANTON SHEALEY, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

This matter is before the court for consideration of the Memorandum and Recommendation ("M&R")[DE-5] filed by United States Magistrate Judge William A. Webb recommending that the Motion to Set Aside Forfeiture [DE-1] filed by Petitioner Donald Stanton Shealey be dismissed as frivolous. Shealey has filed an objection [DE-6], and the matter is ripe for disposition.

## I. Factual and Procedural Background

Shealey, along with multiple other defendants, was charged in a heroin, cocaine and crack cocaine conspiracy as charged by Superseding Indictment on January 15, 2009. *See* United States v. Shealey, 5:08-CR-282-F, Superseding Indictment [DE-175]. In addition to the drug conspiracy, Shealey was charged in a multitude of other drug, gun and racketeering counts. *See id.* [DE-175]. After a 14-day jury trial, Shealey was found guilty of each of the eight counts in which he was charged. On July 14, 2009, Shealey was sentenced to a term of prison for the duration of his natural life, a supervised release term of ten years, a fine of $5,000,000.00 and ordered to pay a special assessment of $800. *See id.*, Judgment [DE-322].[1] That same day,

---

[1] On August 6, 2009, the court filed an Amended Judgment which required Shealey to pay restitution to the United States in the amount of $132,000.00. *See* United States v. Shealey,

Shealey appealed his conviction and sentence to the Fourth Circuit Court of Appeals. *Id.*, Notice of Appeal [DE-314]. In a published opinion, the Fourth Circuit affirmed both Shealey's conviction and his sentence. *United States v. Shealey*, 641 F.3d 627 (4th Cir. 2011).

While his appeal of his criminal conviction and sentence was pending, Shealey filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) seeking the return of a 1972 Chevy Chevelle and $32,960.00 in U.S. Currency. *See* United States v. Shealey, 5:08-CR-282-F, Motion for Return of Property [DE-400]. He contended that the Government did not notify him as to any administrative or civil forfeiture proceedings as to the Chevy or the currency. He asked, in the alternative, that the court construe his motion under 18 U.S.C. § 983(e) for insufficient notice.

After receiving two extensions of time, the Government responded to Shealey's motion, and attached an affidavit of John Hieronymous, Forfeiture Counsel of the Drug Enforcement Administration ("DEA"), detailing the efforts made to give notice to Shealey of the administrative forfeiture proceedings with regard to the Chevy[2] and the currency. *See id.*, Response [DE-409]. In an order filed on July 15, 2010, the court denied Shealey's motion, stating the following:

> The criminal matter over which this court had jurisdiction was closed after Shealey's July 14, 2009, sentencing. The 1972 Chevrolet and the $32,960.00 in currency that Shealey now seeks to be returned to him is the subject of an administrative forfeiture. . . . *See Ibarra v. United States*, 120 F.3d 472, 476 (4th Cir. 1997)(administrative forfeiture proceeding divests court of jurisdiction).

5:08-CR-282-F, Amended Judgment [DE-336].

[2] The affidavits and attachments thereto describe a 1972 Chevrolet Malibu, not a Chevelle.

2

> Although Shealey contends he was not served with notice of the administrative proceedings, the Government has supplied the court, and Shealey, with a detailed description of the notice it provided. [*See*] [DE-409] Decl. of John Hieronymus. Therefore, Mr. Shealey's Motion for Return of Property [DE-400] is DENIED.

*Id.*, July 15, 2010, Order [DE-410].

Shealey subsequently filed a Notice of Appeal. *Id.*, Notice of Appeal [DE-411]. In an "Informal Brief" filed with the Fourth Circuit, Shealey argued that this court abused its discretion by not construing his Rule 41(g) motion as a Bivens complaint under 28 U.S.C. § 1331, or as a motion to set aside forfeiture under 18 U.S.C. § 983(e). He also argued that this court clearly erred by finding that the Government provided proper notice of the administrative forfeiture proceedings. *See* Appellant's Informal Opening Brief at pp. 5-3 – 5-4, United States v. Shealey, No. 10-4810 (4th Cir. Aug. 20, 2010).

While the appeal from the denial of his motion for return of property was pending, Shealey initiated the instant civil action by filing the Motion to Set Aside Forfeiture [DE-1] seeking the return of property pursuant to 18 U.S.C. § 983(e)(1). Shealey again contends that the Government did not notify him of the forfeiture proceedings, and states that if he had been notified he would have contested the proceedings. He also contends that the Government failed to take "reasonable steps," within the meaning of § 983(e)(1) and binding Fourth Circuit precedent, to notify him of the administrative proceedings. The action was referred to Judge Webb for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Judge Webb recommended that the action be dismissed, finding that Shealey's claim lacked a basis in both law and fact. M&R [DE-5] at p. 3. Specifically, Judge Webb, relying on

3

the undersigned's July 15, 2010, Order in 5:08-CR-282-F, concluded that Shealey could not establish that the Government failed to take reasonable steps to provide him with proper notice of the administrative forfeiture proceedings. *Id.* Shealey timely filed his objections to the M&R.

After Shealey filed his objections to the M&R, the Fourth Circuit issued an opinion affirming this court's July 15, 2010, Order, "for the reasons stated by the district court." *See* United States v. Shealey, 5:08-CR-282-F, February 17, 2011 Opinion [DE-432](per curiam).

## II. Standard of Review

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Pursuant to 28 U.S.C. § 1915(e)(2), this court must dismiss an action found to be frivolous or malicious, which fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (discussing *sua sponte* dismissal for frivolity under predecessor statute 28 U.S.C. § 1915(d)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 US. 319, 325 (1989). Although in conducting a frivolity review a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to

4

accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## III. Analysis

The court has conducted a *de novo* review of the aspects of the M&R to which Shealey objects, *see* 28 U.S.C. § 636(b)(1)(C). Upon *de novo* review, the court agrees that Shealey's Motion to Set Aside Forfeiture [DE-1] should be dismissed, albeit for a slightly different reason.

Shealey's Motion raises claims and issues already ruled on by this court and the Fourth Circuit. *See* United States v. Shealey, 5:08-CR-282-F, July 15, 2010, Order [DE-410]; Appellant's Informal Opening Brief at pp. 5-3 – 5-4, United States v. Shealey, No. 10-4810 (4th Cir. Aug. 20, 2010); United States v. Shealey, 5:08-CR-282-F, February 17, 2011 Opinion [DE-432](per curiam). Claim preclusion and issue preclusion are both affirmative defenses the court may consider when conducting a frivolity review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915 A. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)(determining that district court did not abuse its discretion under 28 U.S.C. § 1915 when it dismissed a claim which already had been decided in previous action); *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002)(concluding that district court may raise affirmative defense of res judicata when conducting preservice screening if the defense is plain from the language of the complaint and other documents in the court's files). Accordingly, Shealey's Motion [DE-1] is DISMISSED as frivolous.

## III. Conclusion

For the foregoing reasons, Shealey's Motion is DISMISSED as frivolous.

SO ORDERED.

This the 13 day of December, 2011.

                                              JAMES C. FOX
                                              Senior United States District Judge